**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

RIGOBERTO MARQUEZ,
a/k/a Arturo Rascon-Garcia,

CR: 04-849 WJ

Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S RULE 29 MOTION**

THIS MATTER comes before the Court upon Defendant's Renewal of Rule 29 Motion, filed August 31, 2004 **(Doc. 26)**. A jury convicted Defendant of the charge of attempted escape, contrary to 18 U.S.C. § 751(a) following a jury trial held August 24, 2004. At trial, defense counsel moved for a judgment of acquittal pursuant to Rule 29, Rules of Criminal Procedure for the District Courts of the United States, on the basis that the government had failed to prove beyond a reasonable doubt all the elements necessary to prove the charge of attempted escape under the statute. Defendant renews that motion herein.

**Background**

The elements of an offense charged under 18 U.S.C. § 751(a) are: (1) that the defendant escaped or attempted to escape (2) from the custody of the Attorney General, his appointed agent, or from a place where the defendant is confined at the direction of the Attorney General, (3) where the custody is by virtue of (a) arrest on a felony charge or (b) conviction of any offense.

U.S. v. Vanover, 888 F.2d 1117, 1121 (6th Cir. 1989).

  The Court's Instruction No. 5 to the jury included the elements of the offense:

The elements of the offense of Escape are:
1. That the Defendant was in the custody of the Attorney General, or his authorized representative, or was in any institution or facility in which he was confined by direction of the Attorney General;
2. That the Defendant was in federal custody pursuant to a lawful arrest on a felony charge at an institution or facility where the defendant was confined by direction of the Attorney General for conviction of an offense.
3. That the Defendant departed without permission; and
4. That the Defendant knew he did not have permission to leave federal custody.

  In this case, the defendant is charged with Attempting to Escape. For you to find the defendant guilty of attempting to commit escape, you must be convinced that the government has proved each of the following beyond a reasonable doubt;

1. That the Defendant was in the custody of the Attorney General, or his authorized representative, or was in any institution or facility in which he was confined by direction of the Attorney General;
2. That the Defendant was in federal custody pursuant to a lawful arrest on a felony charge at an institution or facility where the defendant was confined by direction of the Attorney General for conviction of an offense.
3. That the defendant intended to commit an Escape; and
4. That the defendant did an act constituting a substantial step towards the commission of that crime which strongly corroborates the defendant's criminal intent.

  A "substantial step" is something beyond mere preparation. A substantial step is an act which, in the ordinary and likely course of events, would lead to the commission of the particular crime. The step must be a strong indication of the defendant's criminal intent, and must unequivocally mark the defendant's acts as criminal. It should demonstrate commitment to the crime charged.

  Defendant contends that the government failed to offer evidence with regard to elements 1 and 2, i.e., that Defendant was indeed in the "custody of the Attorney General," and that Defendant was confined pursuant to a felony arrest, or pursuant to any conviction. While Defendant's arguments are based on an insufficiency of the evidence as to the elements in the

charged offense, the sufficiency of the indictment must necessarily be questioned. See, U.S. v. Richardson, 687 F.2d 952, 962 (7th Cir. 1982) ( "when the scope of the proof coincides with the scope of the indictment, and an appellant urges that the scope of the proof was too limited, the scope of the indictment is necessarily questioned as well. . . ." ). For this reason, I first turn to the sufficiency of the indictment.

**I. Sufficiency of the Indictment**

An indictment is sufficient if it contains a plain, concise, and definite statement of the essential elements of the offense charged, clearly apprises the defendant of what he must be prepared to meet, and, when taken with the entire record after conviction, is adequate to protect against double jeopardy. U.S. v. McCray 468 F.2d 446, 448 (10th Cir. 1972). The indictment in this case which was read to the jury as the Court's Instruction No. 3 was as follows:

> On or about the 10th day of February, 2004, in Bernalillo county, in the State and District of New Mexico, the defendant, **RIGOBERTO MARQUEZ, a/k/a Arturo Rascon-Garcia**, having been lawfully confined under the laws of the United States by virtue of an Order of the United States District Court for the District of New Mexico did unlawfully and willfully attempt to escape from the custody of the Attorney General and his representative, that is the United States Marshal Service in Albuquerque, New Mexico.
>
> In violation of 18 U.S.C. § 751(a).

A court may respond to challenges to the sufficiency of an indictment even after a determination of guilt, although "the tardier the challenge, the more liberally and aggressively have indictments been construed so as to save them." See, Richardson, 786 F.2d at 962 (citing Gould v. U.S., 173 F.2d 30, 31 (10th Cir. 1946) and other circuits). The issue is whether the indictment in this case sufficiently identified the underlying offense. The court in Richardson analyzed the escape statute by breaking it down into subsets of its essential elements:

> We conclude and hold that the essential elements of an offense proscribed by § 751(a) are:

> that the defendant was in a form of custody or confinement defined in category (1), (2), (3), or (4); and that the defendant was in a form of custody or confinement defined in category (5), (6), (7), (8), or (9); and that the defendant escaped or attempted to escape from such custody or confinement.

Richardson, 786 F.2d at 958; see also Id. at 962 (". . . courts have proceeded either expressly or implicitly on the basis that custody within category (5), (6), (7), (8) or (9) is an essential element of the offense, just as custody within category (1), (2), (3), or (4) is essential") (citations to other circuits omitted).[1]

In the indictment charged, custody within the first grouping, i.e., category (1), is clearly alleged in the language "the custody of the Attorney General and his representative, that is the United States Marshal Service in Albuquerque, New Mexico." Less clear at the outset is whether custody within any of the categories in the second grouping -- (5), (6), (7), (8) or (9) --was sufficiently alleged in the language of the indictment, "having been lawfully confined under the

---

[1] The subsets refer to language in the statute as follows:
(a) Whoever escapes or attempts to escape from

(1) the custody of the Attorney General or his authorized representative,
(2) or from any institution or facility in which he is confined by direction of the Attorney General,
(3) or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge,
(4) or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall,

(5) if the custody or confinement is by virtue of an arrest on a charge of felony,
(6) or conviction of any offense, be fined under this title or imprisoned not more than five years, or both;
(7) or if the custody or confinement is for extradition,
(8) or for exclusion or expulsion proceedings under the immigration laws,
(9) or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction,

be fined under this title or imprisoned not more than one year, or both. 18 U.S.C. § 751 (with modification).

laws of the United States by virtue of an Order of the United States District Court for the District of New Mexico." These categories describe the basis for Defendant's custody at the time of his conviction. Section 751(a) provides that a defendant must be in custody for one of five reasons -- the five categories of (5), (6), (7), (8), or (9) -- for a violation to occur. Vanover, 888 F.2d at 1121.

The indictment must specify the basis for custody, at least as far as to whether the basis for custody was either a conviction of any offense or an arrest on a misdemeanor or felony. Vanover, 888 F.2d at 1121 (citing Richardson, 687 F.2d 952). The distinction has consequences in the type of penalties that can be imposed, since if a person escapes while in custody for either an arrest on a charge of *felony* or based on a conviction of *any offense* (categories (5) or (6), as listed above), the escape is a felony escape with harsher penalties. Vanover, 888 F.2d at 1121. If the person escapes while in custody "by virtue of an arrest of charge of or for a misdemeanor" (or any of the categories (7), (8) or (9), as listed above), the escape is a misdemeanor escape with lesser penalties. Id. Further distinction between the type of conviction is unimportant, however, since under the statute it is irrelevant whether the underlying conviction is for a misdemeanor or felony. Id., at 1122 n.9. There is no reason for an indictment to "state the specifics of the process under which the defendant is held in federal custody." McCray, 468 F.2d at 448 (finding that language "pursuant to his conviction" alleged with sufficient particularity the facts pertaining to the offense for which defendant was in custody at the time of his escape); see also Strickland v. United States, 339 F.2d 866, 867 (10th Cir. 1965), cited in McCray, 468 F.2d at 448 (elements of offense are: (1) escape (2) from the custody of an institution where he is confined by direction of the Attorney General (3) pursuant to process issued under the laws of the United States by a

court).

Turning to the present case, the question is whether the language in the indictment -- "having been lawfully confined under the laws of the United States by virtue of an Order of the United States District Court for the District of New Mexico" – sufficiently alleges the basis for Defendant's custody. Using other court decisions as guidance, I find that it does. In Vanover, the Sixth Circuit held that the language "lawfully committed to the custody of the Attorney General . . . by virtue of a judgment and commitment order of the United States District Court . . ." sufficiently alleged that defendant was in custody for "conviction of any offense." Vanover, 888 F.2d at 1121. The court reasoned that while the term "commitment" alone could imply custody without a conviction, the term "judgment and commitment order" sufficiently identified the custody as one due to an underlying conviction. The Seventh Circuit's task in Richardson was more difficult, given that the language in the indictment, stipulated to by the parties, included the word "commitment" but not "judgment": ". . . [Defendant] was held in lawful custody and was confined by the direction of the Attorney General pursuant to commitment issued under the laws of the United States." 687 F.2d at 963. The Seventh Circuit held that if viewing the indictment "solely in terms" of its function as a form of notice, the term "commitment" when used in conjunction with confinement at a penitentiary, adequately implied the essential element -- that the commitment has followed conviction (listed as category (6), above). The Richardson court acknowledged that it was exercising "extreme liberality" in construction of the language in the indictment, which was justified because of defendant's "tardy attack" on the indictment. Richardson, 687 F.2d 966 ("the determination of guilt ought not lightly be undercut by relatively insignificant flaws in the indictment"). Defendant in that case had made an initial effort to bar all

evidence of his prior criminal record, had failed to make a motion to dismiss for failure to state an offense until the close of the government's case and had failed at any time prior to the verdict to comment on the alleged inadequacies of the indictment. 687 F.2d at 965.

The indictment in the case at bar reads in relevant part: "the defendant . . . having been lawfully confined under the laws of the United States by virtue of an Order of the United States District Court for the District of New Mexico did unlawfully and willfully attempt to escape . . ." The question comes down to whether this language adequately identifies the custody as one due to an underlying conviction. I find Richardson to be instructive and persuasive, both in terms of the language of the indictment (which is similar to that in the present case), and in the circumstances regarding the late stage in which the Court finds itself looking at the adequacy of the indictment: Defendant first raised his Rule 29 motion after the close of the Defendant's case (Clerk's Minutes, Doc. 22 at 3). The indictment in this case should be afforded the same liberal view as the Seventh Circuit accorded the indictment in Richardson.[2] The word "Order" in the indictment language is loosely analogous to "commitment" in that it can be used to describe a judicial authorization to an officer of government physically to confine a person. However, like the court found in Richardson, I find that the combination of "by virtue of an Order of the United States District Court for the District of New Mexico"and "lawfully confined" satisfies the essential element describing the basis for Defendant's custody at the time of the attempted escape.

---

[2] The court in Richardson did not give the same latitude to challenges to sufficiency of the evidence, however. "A degree of indulgence of prosecutorial foibles at the pleading stage is intended to permit the presentation of competent and relevant evidence bearing on guilt or innocence, or to preserve the consequences of such a presentation, once made. . . But when that opportunity has been provided, indulgence does not extend to a prosecutorial failure to use it to present evidence of every essential element of the offense." Richardson, 687 F.2d at 966. See, discussion, below, on sufficiency of evidence.

Accordingly, the indictment sufficiently charges an offense under 18 U.S.C. § 751(a).

**II. Sufficiency of the Evidence**

Defendant contends that the government failed to prove elements 1 and 2 of Jury Instruction No. 5, setting out the elements of the escape statute:

> The elements of the offense of Escape are:
>
> 1. That the Defendant was in the custody of the Attorney General, or his authorized representative, or was in any institution or facility in which he was confined by direction of the Attorney General;
>
> 2. That the Defendant was in federal custody pursuant to a lawful arrest on a felony charge at an institution or facility where the defendant was confined by direction of the Attorney General for conviction of an offense.

Thus, Defendant's challenge to the sufficiency of the evidence adduced at trial is two-fold: first, that the government offered no evidence with regard to the defendant's confinement or that he was in the custody of the Attorney General; and second, that there was no evidence the Defendant was confined pursuant to a felony arrest, or pursuant to any conviction.

In addressing Defendant's contentions that the record was insufficient to sustain the jury's verdict on the first two elements, the Court must view the evidence in the light most favorable to the government, to determine whether a reasonable jury could have found the defendant guilty of the crime beyond a reasonable doubt. U.S. v. Finn, 375 F.3d 1033, 1037 (10th Cir. 2004) (citation omitted).

A. Evidence Regarding Custody in Element Number 1

Defendant contends that the testimony of Deputy United States Marshal "DUSM" Williams stating that he was employed by the U.S. Marshals Service did not adequately offer evidence that involvement by the Marshals Service had any relation to the Attorney General such

that element number 1 could be proven beyond a reasonable doubt. Specific evidence on the relationship between the Marshals Service and the Attorney General would have been easy enough for the government to include, and desirable to have, but the lack of such evidence is not fatal to the government's proof on the first element.[3]

DUSM Williams testified that Defendant had appeared for a sentencing in federal court back on February 10, 2004; that on that date Defendant was turned over to Williams' physical control from the Torrance County Detention Facility personnel; that Williams conducted his standard search of prisoners and it was at that point he found on the Defendant a makeshift "handcuff key." They jury also heard Williams testify that Defendant did not get sentenced that day, but was subsequently brought to court and sentenced; that Defendant was in federal custody, had been housed at the Torrance County Detention Facility, that he had several aliases, and what his prison number was. DUSM Williams' testimony would have easily allowed the jury to find that Defendant was in federal custody and in the custody of the U.S. Marshal in Albuquerque at the time of his attempted escape.

The Court instructed the jury in Instruction No. 2: "you must follow all of my instructions as a whole." Instruction No. 8 included the following language: "you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the

[3] The old adage, "an ounce of prevention. . . ." fits this situation. The government could have included such evidence, in the form of testimony or exhibits, to hit squarely on the two points now raised by Defendant on the grounds of insufficiency of the evidence. That would have eliminated the need for the Court, already burdened with an unusually heavy case load, to now be required to grapple with these issues in the wake of the government's lack of diligence.

evidence." The Indictment, read to the jury as Instruction No.3, and thus included for consideration by the jury in deliberating on the elements of the offense, included: "[that Defendant] did unlawfully and willfully attempt to escape from the *custody of the Attorney General and his representative, that is the United States Marshal Service in Albuquerque, New Mexico"* (emphasis added)

Thus, DUSM Williams' testimony, together with the instructions that were given to the jury, would have allowed a reasonable fact-finder to determine that Defendant was in fact in the custody of an "authorized representative" of the Attorney General. The Seventh Circuit was faced with a very similar issue in U.S. v. Dawn, 900 F.2d 1132 (7th Cir. 1990). At trial in that case, the government offered sufficient evidence that the defendant was being held for the U.S. Marshals, which included the testimony of a Deputy Sheriff of the county. The Deputy Sheriff identified the booking sheet for the county jail for the prisoner/defendant, and testified that the document stated with regard to defendant's status prior to his escape, "Federal Prisoner. Hold for United States Marshals." The Seventh Circuit found that the government's evidence, coupled with the court's instruction to the jury that any actions taken by the Marshals are necessarily by the direction of the Attorney General, was sufficient, in light of the high hurdle of review, for a reasonable jury to find that at the time of his escape defendant was being held at the jail for the United States Marshals by the direction of the Attorney General. While the jury in this case was not separately instructed as to the relationship between the U.S. Marshals and the Attorney General, the last part of the language in Instruction No. 3 adequately notifies the jury of this relationship. The jurors' reliance on "reasonable inferences," which they are permitted to make from the evidence, would surely permit a reasonable jury to find that Defendant was in the

custody of the Attorney General. Therefore, Defendant's motion as to the first element is denied.

B. Evidence Regarding Confinement in Element Number 2

Defendant's second contention, that the evidence was insufficient to show that Defendant was confined pursuant to a felony arrest, or pursuant to any conviction, requires a more roundabout analysis in order to arrive at a proper determination.

*A. Evidence Conforming to the Statutory Language*

I start with the language of the statute which tracks the second element in the instruction: ". . . shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense. . . ." § 751(a). Under this portion of the statute, "custody" is defined and met where a defendant is confined *either* by virtue of an arrest on a felony charge, *or* if he is convicted of *any* offense. As mentioned earlier, Vanover made clear that the type of conviction is not relevant for any purpose, since the distinction between confinement for a misdemeanor or felony is important only if the escape or attempted escape occurs prior to a conviction. 888 F.2d 1122 n.9.

Defendant acknowledges that the evidentiary record shows that at the time of the incident giving rise to the charge of attempted escape, Defendant was in the U.S. Courthouse "to be sentenced." Motion at 4. Still, Defendant maintains that evidence that he was being sentenced does not lead to the conclusion that Defendant was confined pursuant to a conviction. Why? - because "sentencing may or could have been for other than a conviction, i.e., for example, contempt of court not amounting to a conviction." The contention that no evidence was presented at trial that confinement was pursuant to any conviction ignores the fact that the jury was instructed to make use of reasonable inferences drawn from the evidence. Motion at 4. It

was reasonable for the jury to infer that someone is not sentenced until they are convicted. Defendant's search for an obscure exception to this rule fails. Courts generally use the term "conviction" to refer to both civil as well as criminal contempt. See, e.g., South Suburban Housing Center v. Berry, 186 F.3d 851, 855 (7th Cir. (Ill. 1999) (". . . *conviction* for civil contempt. . . ."); E.E.O.C. v. Paragon Restaurant, Inc., 1999 WL 231678 (N.D.Ill.,1999) (" . . federal civil contempt *conviction*"); U.S. v. Dixon, 509 U.S. 688 (1993) (drug offense following *conviction* for criminal contempt).

      Defendant's reliance on Vanover's holding is puzzling. Vanover concerned only a sufficiency of the indictment. Further, the reasoning in Vanover cuts against Defendant's argument. As previously explained, that case instructs that the nature of the underlying offense is critical only if the escape or attempted escape occurs prior to conviction. Defendant's reliance on Richardson may appear more sound initially, because in that case the Seventh Circuit remanded the case for an entry of a judgment of acquittal based on its determination that there was no proof at trial that defendant's custody was by virtue of any of the categories (5) through (9).[4] Evidence bearing on the defendant's custody included only (1) a stipulation of the parties that defendant was "held in lawful custody. . . confined by the direction of the Attorney General pursuant to commitment issued under the laws of the United States. . . ." and (2) testimonial and documentary evidence "from which it could reasonably be inferred that at least some of the inmates at the penitentiary were capable of violent behavior." Richardson, 687 F.2d at 966. The court in

---

    [4] As described previously, these categories are taken from the Seventh Circuit's glossing of the escape statute in Richardson, which the Court continues to use here for ease of reference to the different statutory provisions. Categories (5) and (6) are germane to element two in the jury instruction at issue here. See, n.1, above.

Richardson determined that evidence of confinement alone was insufficient to permit a reasonable jury to find beyond a reasonable doubt that defendant's custody was "by virtue of . . . conviction of an offense," noting situations where individuals are confined in a federal penitentiary without having been convicted of an offense. 687 F.2d at 966-67 (listing examples such as aliens who arrested pursuant to warrant and under certain circumstances may be arrested and confined without being convicted of an offense; pretrial detainees; individuals committed temporarily to a hospital or other facility designated by the court for determination of competency to stand trial). The court thus concluded that evidence that defendant was confined in a prison was not enough to sustain his conviction under any of the custody categories in the statute.

Richardson would be persuasive in the instant case were it not for the uncontroverted evidence presented in the instant case that Defendant was not only confined in a federal prison, but was on his way to be sentenced when he attempted to escape. I disagree with Defendant that this evidence does not give rise to the strong inference, if not a certainty, that Defendant had already been convicted of an underlying offense at the time of the escape attempt. Evidence that Defendant was coming to the U.S. Courthouse to be sentenced would be sufficient to sustain the jury's finding that custody was pursuant to a "conviction of any offense" under the escape statute.

*B. Evidence Conforming to Element Number 2 in Jury Instruction No. 5*

Ordinarily, the Court's inquiry would end here. However, in this case, an inconsistency between the wording in the statute and what was stated in Jury Instruction No. 5 requires further analysis.[5]

[5] The instruction reflected the government's requested instruction on the elements of the offense. See, Doc. 20.

Element number two in the instruction tracks the language in the statute which lists categories (5) and (6):

> . . . shall, if the custody or confinement is by virtue of an arrest on a **charge of felony, or conviction of any offense.** . . .

§ 751(a) (emphasis added). The actual language of in element number two in Instruction No. 5 given to the jury reads as follows:

> That the Defendant was in federal custody pursuant to a lawful arrest **on a felony charge** at an institution or facility where the defendant was confined by direction of the Attorney General **for conviction of an offense**.

Instruction No. 5 (emphasis added). By including both "on a felony charge" and the phrase "for conviction of an offense" (instead of "*or* conviction of an offense") the instruction effectively spliced together two custody categories (categories (5) and (6) from the statutory language), where proof as to either one would have been sufficient under the language of the statute.

Jury instructions are subject to harmless error analysis. Walker v. Gibson, 228 F.3d 1217, 1230 (10th Cir. 2000) (citing Sullivan v. Louisiana, 508 U.S. 275, 281-82 (1993) (omission of an element in a jury instruction is an error that is subject to harmless-error analysis); U.S. v. Stiger, 371 F.3d 732, 737 (10th Cir. 2004) (government carried burden of establishing harmlessness of error in verdict forms with testimony of witnesses heard at trial (citing Neder v. United States, 527 U.S. 1, 15-16 (1999) (applying harmless error to jury instructions)). The test for determining whether an error is harmless is whether it appears "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." Chapman v. California, 386 U.S. 18, 24 (1967) (defining the test for determining whether a constitutional error is harmless), overruled on other grounds by Brecht v. Abrahamson, 507 U.S. 619, 623 (1993) (error is harmless if it did not

influence the jury, or had but very slight effect, and that the judgment "was not substantially swayed by the error) (citing Kotteakos v. United States, 328 U.S. 750 (1946) (. . . or if error did not have "a substantial and injurious effect or influence in determining the jury's verdict").

The government concedes, and Defendant is correct, that no evidence was offered which informed the jurors as to the degree of crime for which the Defendant was arrested. However, evidence was presented -- as discussed previously -- that Defendant "was in federal custody . .. at an institution or facility . . . for conviction of an offense." The language in the instruction regarding ". . . pursuant to an arrest of a felony charge" is superfluous because a lack of evidence as to whether Defendant was confined pursuant to a felony arrest has no effect on the jury's finding on the second element in the instruction which relates to confinement for conviction of any offense. The error is harmless because the only evidence presented which related to element number two in Jury Instruction No. 5 concerned custody or confinement by virtue of conviction of any offense, and the evidence on that issue was sufficient to support the jury's verdict. In other words, the error did not have any injurious effect or influence in determining the jury's verdict.[6]

---

[6] This situation is somewhat reminiscent of the analysis employed on motions to vacate convictions for firearm enhancements under 18 U.S.C. § 924(c)(1), after the Supreme Court announced that a conviction for using a firearm under § 924(c)(1) must be supported by evidence of a defendant's "active employment" of the firearm. Bailey v. U.S., 516 U.S. 137 (1995). Those cases had involved a two-prong instruction dealing with "using" and "carrying" a firearm. Courts held that when the instruction for one prong is legally erroneous, but the jury is correctly instructed on the other prong, a conviction may be affirmed if there is absolute certainty that the jury based its verdict on the ground on which it was correctly instructed. See, United States v. Simpson, 94 F.3d 1373, 1379 (10th Cir., cert. den., 117 S. Ct. 411 (1996); United States v. Barnhardt, 93 F.3d 706, 709 (10th Cir. 1996) (citing United States v. Miller, 84 F.3d 1244, 1256-57 (10th Cir.), cert. den. sub nom Hicks v. United States, ___ U.S. __, 117 S.Ct. 443 (1996)). A defendant's sentence under § 924(c)(1) could be affirmed if the jury necessarily "found facts establishing the elements of 'carrying' in reaching its verdict. . . ." See United States v. Montes-Fierro, unpubl. op., 1997 WL 174110 (10th Cir. 1997) (citing United States v. Simpson, 94 F.3d 1373, 1379 (10th Cir.), cert. denied, 117 S.Ct. 411 (1996)) (citations to other circuits omitted).

Finally, I note that Defendant's status as a convicted felon was brought up during voir dire. The government concedes that this information does not constitute evidence. Nevertheless, the information became part of the record, and the jurors were entitled to make inferences on this information. See, United States v. Swallow, 511 F.2d 514, 520 (10th Cir.1975) (court looks at both direct and circumstantial evidence in determining whether evidence is sufficient to support the convictions).

**Conclusion**

In sum, I conclude that the indictment sufficiently charges an offense under 18 U.S.C. § 751(a). Further, viewing the evidence in the light most favorable to the government, I conclude that a reasonable jury could have found Defendant guilty of the crime of attempted escape under 18 U.S.C. § 751 beyond a reasonable doubt. Sufficient evidence was adduced at trial regarding elements 1 and 2 of Jury Instruction No. 5, namely, that Defendant was in the custody of the Attorney General, and that Defendant was confined pursuant to a conviction.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Renewal of Rule 29 Motion **(Doc. 26)** is hereby DENIED, for the foregoing reasons.

UNITED STATES DISTRICT JUDGE